**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0532n.06
Filed: June 22, 2005

**No. 04-5794**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

In re: Horizon Natural Resources Company,
     Debtor.

| | | |
|---|---|---|
| MASSEY ENERGY COAL SALES COMPANY, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| HORIZON NATURAL RESOURCES COMPANY and CAROLINA POWER AND LIGHT COMPANY, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Appellees. | ) | |

Before: KEITH and DAUGHTREY, Circuit Judges, and LAWSON,[*] District Judge.

**PER CURIAM.** The debtor, Horizon Natural Resources Company, entered into various contracts with Carolina Power and Light Company to provide the energy producer with coal. In order to fulfill its obligations under those agreements, Horizon not only mined its own natural resources, but also contracted with Massey Energy Coal Company to purchase 1.5 million tons of coal from that business entity. Included in Horizon's contract

_____

[*]The Hon. David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

with Massey was a provision that the "Agreement shall terminate automatically upon the termination, for any reason, of [Horizon's] supply agreement with CP&L . . . ."

Horizon eventually filed for bankruptcy protection under the provisions of Chapter 11 of the Bankruptcy Code. In the course of the ensuing proceedings, it filed a motion with the court to authorize the debtor to assume or reject the various contracts to which both Horizon and Carolina Power and Light were parties. Horizon further requested an expedited hearing on the matter. That hearing was conducted in August 2003, at which time the bankruptcy court approved Horizon's rejection of one contract with Carolina Power and Light (the Franklin Contract), the assumption of another of the debtor's amended contracts with the power company (the Marrowbone Contract), and the assumption of Horizon's contract with Massey for the sale of coal to the debtor (the Massey Contract).

Before the bankruptcy court and the district court, Massey argued that the rejection of the Franklin Contract automatically terminated the Massey Contract because it ended Horizon's "supply agreement with CP&L." Massey further contended that its due process rights were violated when the bankruptcy court held the expedited hearing without allowing Massey sufficient time for discovery to determine whether the Massey Contract was indeed terminated by Horizon's other contractual dealings.

Both courts concluded, however, that, despite the debtor's rejection of the Franklin Contract, Horizon remained obligated to provide coal to Carolina Power and Light pursuant to the amended Marrowbone Contract. Moreover, because Horizon's contractual

responsibilities under the Massey Contract remained unchanged, Massey's economic position was in no way affected by those other contracts to which Massey was not even a party.

Before this court, Massey again raises the allegations of error argued to the bankruptcy court and to the district court. After examining the record on appeal and the briefs of the parties, we conclude that the district court correctly analyzed and decided the issues before it on appeal from the bankruptcy court. As the reasons underlying the district court ruling have been adequately articulated, the issuance of a full written opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the bankruptcy court upon the reasoning set out by the district court in its Memorandum Opinion filed on June 1, 2004.